UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CURTIS D KEPLINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00567-JPH-MJD |
| | ) |
| RICHARD BROWN, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING THE COMPLAINT,
DENYING MOTION FOR ASSISTANCE RECRUITING COUNSEL,
AND DIRECTING SERVICE OF PROCESS**

Plaintiff Curtis Keplinger, an inmate at the Indiana Department of Correction, brings this action pursuant to 42 U.S.C. § 1983 alleging the defendants violated his constitutional rights while he was confined at Wabash Valley Correctional Facility ("WVCF"). Because Mr. Keplinger is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I.
SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## THE COMPLAINT

The complaint names the following defendants: Richard Brown, Steve Carpenter, and Keith McDonald. Mr. Brown is the Warden of WVCF, and Mr. Carpenter and Mr. McDonald are Investigations and Intelligence Officers at WVCF. Mr. Keplinger is seeking damages and injunctive relief.

The complaint alleges that Mr. Keplinger was transferred from Indiana State Prison ("ISP") to WVCF in 2017. On March 22, 2017, Officer Carpenter and Officer McDonald were informed by ISP officials that Mr. Keplinger was at a substantial risk of physical assault by members of the Aryan Brotherhood. Armed with this information, Officer Carpenter would frequently pressure Mr. Keplinger to provide information about his fellow inmates and would threaten to place him in a housing unit with members of the Aryan Brotherhood if he refused. Despite these threats, Mr. Keplinger refused to provide Officer Carpenter the requested information.

Mr. Keplinger was eventually placed in G-Unit. Many members of the Aryan Brotherhood were housed in this unit, including an Aryan Brotherhood member who had previously assaulted Mr. Keplinger. These individuals repeatedly threatened Mr. Keplinger with physical assault. When Mr. Keplinger informed Officer Carpenter about these threats, Officer Carpenter stated that he would not intervene unless Mr. Keplinger provided information about his fellow inmates. Mr. Keplinger later wrote to Officer McDonald about this issue, but Officer McDonald refused to intervene and instructed other staff members to do the same. Mr. Keplinger then wrote Warden Brown, who also refused to intervene.

On November 1, 2018, Mr. Keplinger was physically assaulted by members of the Aryan Brotherhood. As a result of this assault, Mr. Keplinger has suffered damage to his ear, seizures, memory loss, paranoia, and anxiety.

## III.
## DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The Eighth Amendment prohibits prison officials from acting with deliberate indifference in failing to protect inmates assaults by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Based on the screening standard set forth above, Mr. Keplinger's Eighth Amendment failure to protect claims **shall proceed** against Warden Brown, Officer Carpenter, and Officer McDonald.

This summary includes all the viable claims identified by the Court. If Mr. Keplinger believes that he has asserted additional viable claims that have not been identified by the Court, he shall have through **February 5, 2021**, to identify those claims.

## IV.
## MOTION FOR COUNSEL

Mr. Keplinger's motion for assistance recruiting counsel is denied as premature. The Seventh Circuit has held that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (deciding whether to

recruit counsel requires the court to consider "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). While that statement from *Kadamovas* is not a "bright-line rule[ ]," in this case Mr. Keplinger has not shown a need for counsel to assist him in amending his complaint, or to "investigate and flesh out any claim that may exist." *Mapes v. Indiana*, 932 F.3d 968, 971-72 (7th Cir. 2019). Mr. Keplinger may renew his motion for counsel as this case proceeds. If he chooses to renew his motion, he should use the Court's motion for assistance recruiting counsel form, which he will receive with his copy of this Order.

## V.
## SUMMARY AND SERVICE OF PROCESS

Mr. Keplinger's Eighth Amendment failure to protect claims **shall proceed** against Richard Brown, Steve Carpenter, and Keith McDonald in their individual capacities.

The motion for assistance recruiting counsel, dkt. [11], is **denied without prejudice**. The **clerk is directed** to send Mr. Keplinger a copy of the Court's motion for assistance recruiting counsel form.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Richard Brown, Steve Carpenter, and Keith McDonald in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

**SO ORDERED.**

Date: 1/20/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CURTIS D KEPLINGER
873736
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic Service to the Following IDOC Employees at Wabash Valley Correctional Facility
    Richard Brown
    Steve Carpenter
    Keith McDonald