UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CURTIS D KEPLINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00567-JPH-MG |
| ) | |
| RICHARD BROWN, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Curtis Keplinger is an Indiana prisoner who sued prison officials at Wabash Valley Correctional Facility for failing to protect him from an assault. Defendants have filed a motion for summary judgment, arguing that Mr. Keplinger did not exhaust his available administrative remedies before filing this suit. For the reasons below, that motion is **DENIED**.

**I.
Facts and Background**

Mr. Keplinger alleges that he was transferred from the Indiana State Prison to Wabash Valley Correctional Facility on March 22, 2017. At that time, Defendants were aware that Mr. Keplinger was at risk of assault by members of the Aryan Brotherhood. After Mr. Keplinger refused to become an informant, Defendants failed to protect him from attacks by other inmates. On November 1, 2018, he was attacked by members of the Aryan Brotherhood. *See* dkt. 2 (complaint); dkt. 15 (screening order).

Defendants argue that Mr. Keplinger failed to follow Wabash Valley's Offender Grievance Process before bringing this lawsuit. *See* dkt. 31. Because

Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009)

### A. Wabash Valley's Grievance Process

The Grievance Process in place at the time had four steps: an attempt at informal resolution, a written formal grievance, a facility-level grievance appeal, and a department-level grievance appeal. Dkt. 31-3 at 3 (Offender Grievance Process effective October 1, 2017).[1] The informal resolution requires offenders to "attempt to resolve a complaint informally and provide evidence (e.g., 'To/From' correspondence, State Form 36935, 'Request for Interview') of the attempt." *Id.* at 8-9. "The offender may do this by discussing the complaint with the staff member responsible for the situation or, if there is no such single person, with the person who is in charge of the area where the situation occurs. If the offender is uncomfortable discussing the issue with the staff member, he/she may discuss with the staff person's immediate supervisor." *Id.* at 9.

If their complaint is not resolved informally, offenders must file a formal grievance by "submit[ting] a completed State Form 45471." *Id.* The formal grievance must "document the attempts at informal resolution." *Id.* at 9.

---

[1] An earlier version of the policy was in effect from April 5, 2015 until October 1, 2017. Dkt. 31-2. But the assault alleged here and the relevant grievance attempts occurred while the new policy was in effect, so that earlier version does not apply.

The Offender Grievance Specialist must then review the formal grievance "within five (5) business days of receiving it and shall either accept it and log it, or reject it." Dkt. 31-3 at 10. If the formal grievance is rejected, the Grievance Specialist must return it "within one (1) business day to the offender with an explanation as to why the form was returned and how it may be corrected." *Id.* The offender may then "make the necessary revisions to the grievance form and [ ] return the revised form to the Offender Grievance Specialist within five (5) business days from the date that it is returned to the offender." *Id.* at 10.

### B. Mr. Keplinger's Grievance Efforts

Mr. Keplinger filed a formal grievance, on November 29, 2018, claiming that prison officials failed to protect him from being assaulted by members of the Aryan Brotherhood on November 1, 2018. Dkt. 31-5 at 2. As evidence that he attempted an informal resolution, Mr. Keplinger attached a JPay letter from October 24, 2018. Dkt. 31-5 at 3. In the letter, Mr. Keplinger wrote that he was at risk of attack from Aryan Brotherhood members, who had tried to stab him, and asked to be moved to another cellhouse on the other side of the prison or transferred to another prison. *Id.* He also wrote in the letter that he was using it as his informal grievance under the Grievance Process. *Id.*

The Grievance Specialist rejected Mr. Keplinger's formal grievance, marking that: "There is no indication that you tried to informally resolve your complaint. If you have tried to resolve it informally, please fill out the grievance form to indicate that. If you have not tried to resolve it informally, you have five (5) days to begin that process." *Id.* at 1. The Grievance Specialist did not

3

mark that Mr. Keplinger had "submitted the form too late and have not shown any good reason for the delay." *Id.*

Defendants have moved for summary judgment, arguing that Mr. Keplinger failed to exhaust his administrative remedies under the Grievance Process. Dkt. 30; dkt. 31.

## II. Applicable Law

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted).

## III. Analysis

### A. Exhaustion Standard

Under the Prison Litigation Reform Act ("PLRA"), "No action shall be brought with respect to prison conditions under section 1983 . . . until such

administrative remedies as are available are exhausted." *See* 42 U.S.C. § 1997e; *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). The PLRA does not require inmates to submit multiple grievances to report a continuing harm or issue. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). Nor does it require inmates to submit separate grievances for every defendant ultimately sued. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

Instead, proper exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90. This requires a prisoner "to file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Exhaustion is an affirmative defense, so "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680-81 (7th Cir. 2006).

### B. Exhaustion Analysis

Defendants argue that they are entitled to summary judgment because the JPay letter that Mr. Keplinger sent does not qualify as an informal grievance. Dkt. 31 at 10–14.[2] Mr. Keplinger responds that he sent the JPay

---

[2] Defendants also briefly argue, with no legal support, that they are entitled to summary judgment because Mr. Keplinger's formal grievance was untimely. Dkt. 31 at 14–15. Even if Defendants have not forfeited it, "this argument fails" because a "procedural shortcoming like failing to follow the prison's time deadlines amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming." *Maddox v. Love,* 655 F.3d 709, 721–22 (7th Cir. 2011). Here, the Grievance Specialist did not mark timeliness as a reason for rejecting Mr. Keplinger's formal grievance, dkt. 31-5 at 1, so Defendants "cannot rely" on it now. *Maddox*, 655 F.3d at 722.

letter as an informal grievance so that he would have evidence for his formal grievance. Dkt. 43 at 2-3.

The relevant part of the Grievance Process requires offenders to "provide evidence (e.g., 'To/From' correspondence, State Form 36935, 'Request for Interview') of the [informal resolution] attempt." Dkt. 31-3 at 8–9. Defendants point to nothing in the process that excludes the use of a JPay letter as evidence of an informal attempt to resolve a grievance. *See* dkt. 31; dkt. 43. They nevertheless argue that "JPay is not an IDOC approved manner in which to conduct informal grievance resolution," and that "the only appropriate means of establishing informal grievance resolution" are the ways mentioned in the policy—"To/From' correspondence, State Form 36935, [and] 'Request for Interview.'" Dkt. 31 at 14.

But the Grievance Process does not say that the three listed examples are the exclusive or only documents that may be used as evidence of informal attempt to resolve a grievance; in context, they are merely examples. Dkt. 31-3 at 8–9 ("*e.g.*, 'To/From' correspondence, State Form 36935, 'Request for Interview'" (emphasis added)). *See Smith v. Exec. Dir. Of Ind. War Mems. Comm'n*, 742 F.3d 282, 287 (7th Cir. 2014) (using "e.g." to introduce one representative example). Defendants argue that "JPay does not create a dialogue between the inmate and correctional staff." Dkt. 44 at 4. But they point to no "dialogue" requirement in the Grievance Process and moreover do not explain why the listed examples would "create a dialogue" when a JPay letter would not. *See* dkt. 31; dkt. 44.

6

At bottom, Defendants' argument does not rely on the Grievance Process's language. Instead, it tries to add to its requirements by categorically excluding JPay letters as a way to informally attempt to resolve a grievance.[3] That they cannot do. *See Hill v. Snyder*, 817 F.3d 1037, 1040 (7th Cir. 2016) ("Prisoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about. . . . [T]he prison staff improperly required that, as a condition for processing [the plaintiff's] grievance, he comply with a rule that the prison had never published before."); *Thomas v. Reese*, 787 F.3d 845, 848 (7th Cir. 2015) ("The defendants cannot defeat the suit by retroactively amending the [grievance process]. Prison officials may not change their grievance rules once litigation begins or simply keep prisoners in the dark about the real rules.").

Defendants therefore have not carried their burden to show that Mr. Keplinger's JPay letter—which announced that it was an "informal grievance about this issue," dkt. 31-5 at 3—does not satisfy the written policy. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018) (vacating a grant of summary judgment because the defendants tried to enforce "a completely new rule" that

---

[3] Defendants also argue for the first time in their reply brief that Mr. Keplinger's JPay letter cannot be evidence of an informal grievance because it was submitted before the alleged assault. Dkt. 44 at 6. This argument is forfeited. *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("[T]he district court [is] entitled to find that an argument raised for the first time in a reply brief is forfeited."). Moreover, Defendants cite no authority in support of the argument and do not address whether Mr. Keplinger's failure-to-protect claim alleges an ongoing harm. *See* dkt. 44 at 6; *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).

"the grievance policy [made] no mention of). They are not entitled to summary judgment on exhaustion. *See id.*

### C. Proposed Summary Judgment for Mr. Keplinger

Because Defendants have not shown that Mr. Keplinger's grievance attempts failed to comply with the Grievance Process, the Court provides notice under Federal Rule of Civil Procedure 56(f) of its intent to grant summary judgment on exhaustion to Mr. Keplinger.

## IV.
## Conclusion

Defendants' motion for summary judgment is **DENIED**. Dkt. [30]. They shall have fourteen days from the date of this order to respond to the Court's Rule 56(f) proposal. If Defendants respond, Mr. Keplinger shall have fourteen days from the filing of that response in which to reply.

**SO ORDERED.**

Date: 3/31/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CURTIS D KEPLINGER
873736
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Virginia Marso
INDIANA ATTORNEY GENERAL
virginia.marso@atg.in.gov