UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CURTIS D KEPLINGER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-00567-JPH-MG |
| RICHARD BROWN, et al. | ) ) ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

Curtis Keplinger is suing officials at Wabash Valley Correctional Facility for failing to protect him from members of the Aryan Brotherhood. Mr. Keplinger is currently confined to Miami Correctional Facility.

He has filed a motion for "immediate emergency injunction of protection," which the Court construes as a motion for a preliminary injunction, stating that Miami officials have endangered his safety by housing him with members of the Aryan Brotherhood, including his cellmate. Miami officials have moved Mr. Keplinger to a different housing unit, and nothing suggests that he currently faces a specific safety risk. The motion for preliminary injunction is **DENIED**.

**I. Preliminary Injunction Standard**

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council,* 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)). A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying

suit and deals with a matter presented in that underlying suit. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally.").

As a threshold matter, "a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted)). It must show that: (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits." *Id.* Only if the moving party meets these threshold requirements does the court then proceed to the balancing phase of the analysis. *Id.* In the balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id.*

## II. Background

Mr. Keplinger alleges that he was transferred from the Indiana State Prison to Wabash Valley Correctional Facility on March 22, 2017. At that time, the defendants were aware that Mr. Keplinger was at risk of assault by members of the Aryan Brotherhood. After Mr. Keplinger refused to become an informant, the

defendants failed to protect him from attacks by other inmates. On November 1, 2018, he was attacked by members of the Aryan Brotherhood. *See* dkt. 2 (complaint); dkt. 15 (screening order).

In his motion for a preliminary injunction, Mr. Keplinger states that he was "transferred from Wabash Valley Prison to Miami Correctional Facility to get him away from, and keep him away from, the threat from the Aryan Brotherhood." Dkt. 38, para. 4. However, "The Miami Correctional Facility is being deliberately indifferent to him and his safety issues and life by housing him in the same cell house with members of the Aryan Brotherhood and have gone so far as to place him in the very same cell with a member of the Aryan Brotherhood." *Id.* at para. 5 (cleaned up). He asks for "some form of safe housing" to protect him from the members of the Aryan Brotherhood and other gangs. *Id.* at para 8.

In response, the defendants have designated evidence showing their responses to Mr. Keplinger's concerns. Dkt. 39-1; dkt. 39-2.

On June 14, 2021, Mr. Keplinger wrote to Miami officials to let them know that he has was housed with members of the Aryan Brotherhood and other prison gangs. Dkt. 39-2, p. 1. He asked prison officials to move him from J-cellhouse to the honor dorm, "where there are no active [security threat group] members." *Id.* The next day, prison staff met with Mr. Keplinger, who said that since he moved to J-cellhouse, "there hasn't been too much friction with others in the unit." *Id.* Mr. Keplinger was told "not to hesitate to come in and talk" about any concerns "if he needs to." *Id.* That same day, prison officials looked into Mr.

Keplinger's cellmate and determined that he was not classified as an Aryan Brotherhood member. *Id.*

On June 25, 2021, Miami officials transferred Mr. Keplinger to another housing unit. Dkt. 38-1. His new housing unit is abbreviated "HHH1." *Id.* It is not clear whether this is the honors dorm that Mr. Keplinger asked to be moved into. But nothing suggests that he currently faces a specific risk to his safety.

### III. Discussion

District courts may issue preliminary injunctions against the parties; the parties' officers, agents, servants, employees, and attorneys; and other persons who are in "active concert or participation" with any such persons. *See* Fed. R. Civ. P. 65(d)(2).

In this lawsuit, Mr. Keplinger is suing three officials at Wabash Valley Correctional Facility. But in his motion for a preliminary injunction, he seeks to enjoin officials at Miami Correctional Facility. Nothing suggests the defendants or their agents, servants, employees, or attorneys are in "active concert or participation" with the Miami officials responsible for Mr. Keplinger's safety. The motion for a preliminary injunction is therefore outside the scope of this lawsuit and must be denied.

Moreover, nothing suggests that Mr. Keplinger faces a specific risk to his safety or that Miami officials are indifferent to his safety. After he raised safety concerns to Miami officials, they looked into the issue and transferred him to another housing unit. They also let Mr. Keplinger know that he should contact

her if he has any safety concerns. Since his initial motion, Mr. Keplinger has not provided any indication that the threats to his safety have continued.

### IV. Conclusion

For the reasons set forth above, Mr. Keplinger's motion for a preliminary injunction, dkt. [38] is **DENIED**.

**SO ORDERED**.

Date: 3/31/2022

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CURTIS D KEPLINGER
873736
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Virginia Marso
INDIANA ATTORNEY GENERAL
virginia.marso@atg.in.gov

5